HILL-BEHAN LUMBER COMPANY, Respondent, vs.
MCDONALD, Appellant.

*November 30—December 30, 1953.*

410

For the appellant there was a brief by *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, and oral argument by *Joseph P. Holman* and *James R. Faulds*.

For the respondent there was a brief by *Strehlow & Cranston* and *Kaftan, Kaftan & Kaftan,* all of Green Bay, and oral argument by *Fred F. Kaftan*.

MARTIN, J.  The only question involved is whether the settlement agreement entered into between Fleishman Lumber Company and the defendant was binding upon the plaintiff. The trial court held that it was not.

Hill-Behan was not a party to any agreement between Fleishman and the defendant; and we are unable to find anything in the record to show that an agency relationship existed between Fleishman and the plaintiff. It is conceded by both parties that they would have been bound by the Western Pine Association reinspection report, if one had been made. Rule 91 of the association provides:

"When lumber is sold on a specific grade and then resawed or ripped, such stock shall be considered of the grade ordered if 50 per cent or more of such stock is up to grade."

If a detailed reinspection report had been made and if such report had shown that less than 50 per cent of the stock was up to grade, Hill-Behan would have been bound by such report. But the reinspection was never made. The report of the inspector shows only that he "looked over some of this stock at random," then called Fleishman for instructions and was told, after defendant and Fleishman reached their telephone agreement, that it was not necessary to regrade the stock. It is apparent from the record that if a reinspection was to be made, under the rules of the Western Pine Association it had to be ordered and paid for by Fleishman. Thus, it was from Fleishman that the inspector took his orders. Since no reinspection was made, Hill-Behan was required to pay Winter Brothers Lumber Company in full for the car.

Defendant contends that Fleishman was the real seller, McDonald the buyer, and Winter Brothers and Hill-Behan merely intermediaries acting in behalf of the seller and buyer. This contention is not borne out by the record. In the first place, it was Mr. Ruhmer of Hill-Behan who contacted defendant with respect to sale of the lumber. It was between them that a price was agreed upon. Confirmation of the terms agreed upon was sent by Ruhmer to defendant and it was Hill-Behan's invoice that defendant received. When McDonald received the car and found it unsatisfactory he notified Hill-Behan. Later, when he attempted to make payment for the lumber, he sent his check to Hill-Behan. The record also shows that the carload of lumber was sold by Fleishman to Winter Brothers, who in turn sold it to Hill-Behan. At only one time in this series of transactions did defendant deal with Fleishman and that was when the inspector called Fleishman by telephone from McDonald's office

and the defendant entered into the conversation for the purpose of negotiating with Fleishman. To hold that Fleishman was defendant's seller would be contrary to all of the undisputed facts.

Plaintiff is claiming the full purchase price of the lumber because a detailed reinspection was never made by the Western Pine Association. Defendant argues that it is estopped from making such claim by reason of Ruhmer's letter of July 13th set out above; that Hill-Behan could have insisted upon the reinspection but chose not to do so.

Defendant testified, "I disclosed to him [Ruhmer] that I had made a settlement with Mr. Fleishman." Hill-Behan knew nothing of a settlement until defendant telephoned Ruhmer. By that time the inspector had been told by Fleishman that "it was not necessary to have the stock regraded."

The only basis upon which defendant could claim an adjustment would have been a detailed reinspection and regrading of the lumber showing that less than 50 per cent was up to grade. It was he who prevented such reinspection and regrading. He was required, under the association rules, to hold the stock for reinspection upon the request of Hill-Behan. In negotiating directly with Fleishman and having the reinspection called off, defendant deprived the plaintiff of any basis upon which it could claim a readjustment of Winter Brothers' claim upon it and plaintiff was forced to pay Winter Brothers the full purchase price. If no basis existed upon which Winter Brothers' claim could be adjusted on behalf of the plaintiff, no basis existed for adjustment of plaintiff's claim against the defendant.

*By the Court.*—Judgment affirmed.